# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **THE SHAIVITE TEMPLE** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. A-19-CV-01136-RP-SH** |
| **DRUG ENFORCEMENT** | § | |
| **AGENCY, ET AL.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
    **UNITED STATES DISTRICT JUDGE**

Before this Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2). The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.  GENERAL BACKGROUND

On November 18, 2019, Plaintiff The Shaivite Temple, acting through Ryan Sasha Gallagher, filed the instant Complaint against the Drug Enforcement Agency, Susan A. Gibson, and Dan McCormick[1] ("Defendants"). Dkt. No. 1. Plaintiff's Complaint asserts jurisdiction under the Administrative Claims provision of the Federal Tort Claims Act and alleges violations of human rights and religious civil rights. *Id*. at 2. According to Plaintiff, "overzealous enforcement" of Controlled Substance Laws has caused the DEA "to ignore and even actively attack Religion." *Id*. at 1. Plaintiff alleges that his brother died at age 12 and "could have been saved by Cannabinoids," but doctors were afraid due to federal law and the DEA's "overzealous enforcement." *Id*. at 1-2.

---

[1] Although Plaintiff included Dan McCormick in the style of the case, McCormick is not mentioned by name in the Complaint.

Plaintiff states that he is a Hindu Shaivite and that in October 2017 he "petitioned the DEA," but has not received any substantive response. *Id*. at 1. Although Plaintiff does not further explain the petition, based on the Complaint's reference to cannabinoids, Plaintiff appears to claim that he petitioned for a religious exemption to the Controlled Substance Act. *See id*. Plaintiff further alleges, without any specific details, that Defendants have spied on his activity and meddled in federal court case outcomes. *Id*. at 1. Plaintiff seeks $5.6 million in damages for himself, his family, and his religious organization. *Id*. at 2.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff asks to be permitted to file this lawsuit without paying the filing fee. After reviewing Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and financial affidavit in support, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the Court has conducted a 28 U.S.C. § 1915(e) review of the claims made in the Complaint and recommends that Plaintiff's claims be dismissed under § 1915(e). Therefore, service on the Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on the Defendant at that time.

### III. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

#### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

#### B. Plaintiff's Complaint should be dismissed under § 1915(e)(2)

Federal courts are courts of limited jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Federal subject matter jurisdiction extends to civil cases "arising under the

Constitution, laws, or treaties of the United States," or over civil cases in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. As the party asserting federal jurisdiction, Plaintiff bears the burden of demonstrating that jurisdiction is proper. *Sureshot Golf Ventures, Inc. v. Topgolf Int'l, Inc.,* 754 F. App'x 235, 239 (5th Cir. 2018), *cert. denied,* 139 S. Ct. 1330 (2019). Federal courts are "under an independent obligation to examine their own jurisdiction." *United States v. Hays*, 515 U.S. 737, 742 (1995); *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam).

"The United States enjoys sovereign immunity from suit, meaning it cannot be sued without consent." *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017) (citations omitted). Accordingly, a plaintiff may sue the United States only if a federal statute specifically waives sovereign immunity. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig*., 668 F.3d 281, 287 (5th Cir. 2012). It is well-established that the sovereign immunity of the United States extends to its agencies. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Sovereign immunity thus extends to the DEA and its agents. *See, e.g., Richards v. Pennsylvania*, 196 F. App'x 82, 85 (3d Cir. 2006) (per curiam).

Here, Plaintiff brings suit against the DEA and two of its purported agents, alleging that his constitutional rights have been violated under color of federal law. Accordingly, Plaintiff's Complaint attempts to set forth a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, under the doctrine of sovereign immunity, *Bivens* claims cannot be brought against an agency or its officers in their official capacities. *Meyer*, 510 U.S. at 483-86. Sovereign immunity thus deprives the Court of jurisdiction over Plaintiff's claim. *See Anderson v. Jackson State Univ*., 675 F. App'x 461, 464 (5th Cir. 2017) (per curiam).

Based on the foregoing, the Court finds that Plaintiff's lawsuit should be dismissed because he is seeking "monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(iii). Based on the nature of the events alleged in the lawsuit and the unlikelihood that the jurisdictional issues could be cured with by an amendment, the Court finds that the case should be dismissed without the opportunity to amend. *See Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").

Notably, Plaintiff Ryan Sasha Gallagher has filed numerous similar suits, albeit under his own name rather than in the name of The Shaivite Temple, in several other federal district courts. *See, e.g., Gallagher v. Paxton,* 2019 WL 4267438 (E.D. Tex. Sep. 10, 2019); *Gallagher v. Ole Miss,* 2019 WL 2617981 (N.D. Tex. May 28, 2019); *Gallagher v. Wray*, 2019 WL 2719285 (N.D. Tex. May 24, 2019); *Gallagher v. DEA*, 2019 WL 1997481 (N.D. Miss. Apr. 16, 2019); *Gallagher v. DEA*, Civil Action No. 1:18-CV-2439-UNA (D.D.C. Dec. 3, 2018); *Gallagher v. DEA et al.*, Civil Action No. 1:18-cv-02505-LTB (D. Colo. Nov. 9, 2018); *Gallagher v. Drug Enf't Agency*, 2018 WL 1703121 (N.D. Tex. Feb. 8, 2018). In 2018 alone, Plaintiff pursued 36 different federal actions. *Gallagher v. DEA*, 2019 WL 1997481, at *2 (N.D. Miss. April. 16, 2019). Several districts have imposed sanctions on Plaintiff, preventing him from proceeding pro se or *in forma pauperis* without obtaining permission from the court. Having reviewed this and numerous other filings by Plaintiff in several other federal courts, the undersigned finds this action is a continuation of a pattern of frivolous or malicious filings by this Plaintiff. The Court hereby warns that continued frivolous filings in this District will warrant sanctions and similar filing restrictions.

## IV.  RECOMMENDATION

Based on the foregoing, the Court **HEREBY GRANTS** Plaintiff's request to proceed *in forma pauperis*. The undersigned also **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit under 28 U.S.C. § 1915(e)(2) for lack of jurisdiction and failure to state a claim.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 27, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE